OPINION
{¶ 1} Plaintiff-appellant, Kathryn Berus ("appellant"), appeals from the October 5, 2004 decision and entry of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Ohio Department of Administrative Services ("DAS/appellee") to dismiss. For the reasons that follow, we affirm that judgment.
 {¶ 2} On March 8, 2004, appellee issued an adjudication order denying appellant's claim for disability leave benefits. On March 22, 2004, appellant filed a notice of appeal in the Franklin County Court of Common Pleas. On that same day, appellant also filed a notice of appeal with appellee. According to appellant, both notices of appeal are originals, although the certificate of service for the notice of appeal to the common pleas court indicates that a copy was sent to appellee.
 {¶ 3} On December 15, 2004, appellee filed a motion to dismiss asserting that the common pleas court was without jurisdiction to hear the appeal because appellant did not file the original notice of appeal with the agency, thus, appellant's filing was deficient. The trial court granted the motion, noting that R.C. 119.12 provides in pertinent part:
Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court.
 {¶ 4} The trial court found that appellant had not strictly complied with the dual filing requirements set forth in R.C. 119.12 in that appellant filed a copy of her notice of appeal with appellee, and the original notice with the common pleas court. In reaching its decision, the trial court relied upon our opinions in Smith v. Ohio State Dept. ofCommerce (Aug. 21, 2001), Franklin App. No. 00AP-1342, and In re Namey
(1995), 103 Ohio App.3d 322, wherein we construed the procedural requirements of R.C. 119.12.
 {¶ 5} Appellant appeals, assigning the following two assignments of error:
[1.] The decision of the common pleas court constituted an abuse of discretion because it was not supported by reliable, probative and substantial evidence, nor was it in accordance with law, insofar as the decision relied on a finding unsupported by adequate medical evidence that appellant was capable of performing her job duties.
[2.] The decision of the common pleas court constituted an abuse of discretion insofar as the granting of appellee's motion to dismiss for failure to file an original notice of appeal was not supported by reliable, probative and substantial evidence, nor was it in accordance with law.
 {¶ 6} We shall address the second assignment of error first as it is dispositive. Therein, appellant argues that she filed an original notice of appeal with appellee, and not a copy. To support her claim, appellant cites to the original signature on the notice of appeal filed with appellee, and describes the differences between the notice of appeal filed with the common pleas court and that filed with appellee. Thus, according to appellant, the differences "between the two show that the notice of appeal filed with [appellee] could not have been a copy of the notice of appeal filed with [the court of common pleas]." (Appellant's Brief, at 5.) Appellant further argues that even if her filing was deficient, her case should not have been dismissed, relying solely upon the well-settled maxim that cases should be decided on their merits and not on mere procedural technicalities.
 {¶ 7} Appellee counters by noting that the right of appeal from an administrative agency is conferred by statute, and as such, there must be strict compliance with the conditions of the statute before an appeal can be taken. Appellee argues that the plain language of the statute sets forth a dual filing requirement in order to perfect an appeal from an administrative agency covered by R.C. 119.12. Appellee argues that under the statute, an individual is required to file the original notice of appeal with the administrative agency and a copy of that notice of appeal with the common pleas court. Thus, according to appellee, it received a copy of appellant's notice of appeal, and not the original, as evidenced by the certificate of service for the notice of appeal filed with the common pleas court. Appellee further contends that appellant's filing is deficient because, by her own admission, she filed an original notice of appeal with the common pleas court, and not a copy, as required by R.C.119.12. Under either scenario, appellee argues that appellant's failure to strictly adhere to the requirements of R.C. 119.12 is a jurisdictional defect that requires the court to dismiss the appeal without any consideration of the merits.
 {¶ 8} We agree with the rationale espoused by appellee. When the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. Ramsdell v. Ohio Civil Rights Comm.
(1990), 56 Ohio St.3d 24, 27. The Supreme Court of Ohio construed R.C.119.12 in Nibert v. Ohio Dep't of Rehabilitation Correction (1998),84 Ohio St.3d 100. In that case, the court held that "[t]he failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal." Id. at 101. It noted that when construing a statute, R.C. 1.42
"requires that `words and phrases shall be read in context and construed according to the rules of grammar and common usage.'" Id. at 102. Applying that rule of construction to R.C. 119.12, the court construed the word "notices" and explained that "[t]aken in its most logical context, the plural `notices of appeal' obviously encompasses both the notice of appeal and the copy of the notice of appeal referred to in the preceding sentences." Id.
 {¶ 9} Similarly, this court has required strict compliance with the filing requirements of R.C. 119.12 in order for jurisdiction to vest. In the recent case of Stultz v. Ohio Dept. of Admin. Services, Franklin App. No. 04AP-602, 2005-Ohio-200, the common pleas court found appellant had not strictly complied with the requirements of R.C. 119.12 because, although he had filed his notices of appeal within the 15-day window, he first filed his appeal with the common pleas court and then, three days later, filed a copy with DAS. We held that by first filing an original notice of appeal with the common pleas court and then filing a copy with DAS, appellant failed to comply with the requirements of R.C. 119.12, and the trial court properly dismissed his appeal. Likewise, in Smith v. OhioDept. of Correction (Aug. 21, 2001), Franklin App. No. 00AP-1342, although the appellant filed a notice of appeal to the common pleas court and sent a facsimile to the state agency within the 15-day period, we determined that this was not sufficient to comply with the requirements of R.C. 119.12, because the statute did not specify that a facsimile would suffice. A facsimile was a copy, and the statute required the original to go to the agency. See, also, Colonial, Inc. v. Ohio LiquorControl, Franklin App. No. 02AP-1019, 2003-Ohio-3121; Harrison v. StateMedical Bd. (1995), 103 Ohio App.3d 317.
 {¶ 10} The gravamen of appellant's argument is that the two notices of appeal, both of which are originals, suffice under the statute. A review of R.C. 119.12, however, discloses that the statute does not specify that the filing of two original notices of appeal would, in fact, be sufficient. By its express terms, R.C. 119.12 requires that a notice of appeal be filed with the agency, and a "copy of such notice" be filed with the common pleas court. It is axiomatic that an "original," by its very nature, is not a "copy." Thus, we believe it is clear from the statute's own language that the phrase "copy of such notice" means an exact duplicate of the notice of appeal filed with the agency.
 {¶ 11} Based on the above discussion, we conclude that by filing two original notices of appeal, appellant failed to comply with the requirements of R.C. 119.12, and, therefore, the trial court properly dismissed her appeal. And while we agree with appellant that the requirements of the statute exalt form over substance, we are constrained by the plain language of the statute.
 {¶ 12} Even if appellant had complied with the dual filing requirements set forth in R.C. 119.12, an alternate basis exists for dismissing appellant's appeal. Though not addressed by the trial court, in neither notice of appeal does appellant state the grounds of her appeal. In Ohio Real Estate Comm. v. Jones (Mar. 27, 1984), Franklin App. No. 83AP-396, Jones' notice of appeal, like appellant's herein, merely referenced the administrative order from which the appellant was appealing. Following Zier v. Bureau of Unemployment Comp. (1949),151 Ohio St. 123, syllabus, in which the court stated that a statutory appeal must be perfected only in the mode prescribed by statute, this court determined that the appellant had not stated grounds upon which his appeal was based, but, rather, merely referenced the objectionable order. Thus, we held that the failure to state grounds is a jurisdictional defect requiring the common pleas court to dismiss the appeal without consideration of its merits. Id. See, also, Stultz, supra; Masterson,Winchester Auto Sales, Inc. v. Ohio Motor Vehicle Dealers' andSalespersons' Licensing Board (June 4, 1981), Franklin App. No. 80AP-979.
 {¶ 13} As applied herein, appellant's notice of appeal referenced only the parties and the agency decision from which she was appealing. Nowhere, however, does appellant indicate any reason or basis for her appeal. Attaching the Adjudication Order from which she was appealing to her notice of appeal, standing alone, does not meet the requirement set forth in R.C. 119.12, which mandates that appellant state grounds for her appeal. As such, appellant's notice of appeal was insufficient to invoke the jurisdiction of the common pleas court.
 {¶ 14} For the foregoing reasons, appellant's second assignment of error is overruled, the first assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree, J., concurs.
Bryant, J., concurring separately.