OPINION
{¶ 1} Appellee-appellant, Ohio Department of Commerce, Division of Financial Institutions ("DFI"), appeals from the December 22, 2004 decision and entry of the Franklin Country Court of Common Pleas, granting the motion of appellant-appellee, Natalie A. Hughes ("Hughes"), to reconsider, denying DFI's motion to dismiss, and remanding the matter to the DFI.
 {¶ 2} On May 30, 2003, Hughes received a notice of intention from the DFI to remove her from office and prohibit further participation as a director of the United Telephone Credit Union, and an opportunity for a hearing on the matter from the DFI. Because Hughes did not request a hearing pursuant to R.C. 119.07, DFI transmitted a final order removing her from office and prohibiting further participation, which Hughes received on July 28, 2003.
 {¶ 3} On August 7, 2003, Hughes filed a notice of appeal from DFI's final order with the Franklin County Court of Common Pleas. Subsequently, Hughes hand delivered a time-stamped photocopy of this notice of appeal with the DFI.
 {¶ 4} On September 3, 2003, DFI sought to dismiss the appeal in the common pleas court for lack of jurisdiction based on the failure of Hughes to comport with the requirements of R.C. 119.12. The court granted DFI's motion to dismiss on August 24, 2004, finding that it lacked jurisdiction to hear the appeal because Hughes' original notice of appeal was not timely filed with the DFI, and because a copy of the notice of appeal was not filed with the court as required by R.C. 119.12. On September 10, 2004, Hughes filed a "motion to reconsider" the court's decision granting the motion to dismiss in favor of DFI. On December 22, 2004, the court granted Hughes' motion to reconsider, denied DFI's motion to dismiss, and remanded the matter back to the DFI to issue a "final, appealable order" signed by the superintendent of financial institutions.
 {¶ 5} The court, on reconsideration, found that even though Hughes had filed an original copy of the notice of appeal with the court and a photocopy of the notice of appeal with the DFI, the common pleas court was not deprived of jurisdiction. The court distinguished its decision from our decisions in Colonial, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 02AP-1019, 2003-Ohio-3121 and Harrison v. Ohio State Med. Bd.
(1995), 103 Ohio App.3d 317, 322, 659 N.E.2d 368, 371, based on the fact that the notices of appeal in those cases were untimely filed. The court further stated:
Without the specific wording that an original notice of appeal be filed with the state agency, the court cannot conclude that this, alone, would make the appeal so defective as to deprive the court of jurisdiction to consider it. Therefore, upon reconsideration, [DFI's] motion to dismiss is denied.
(Emphasis added.)
 {¶ 6} DFI asserts two assignments of error from the court of common pleas for our review:
1. THE LOWER COURT INCORRECTLY DETERMINED THAT IT HAD JURISDICTION TO HEAR HUGHES' APPEAL WHEN SHE FAILED TO STRICTLY COMPORT WITH R.C. §119.12'S REQUIREMENTS FOR FILING A NOTICE OF APPEAL IN AN ADMINISTRATIVE DETERMINATION.
2. THE LOWER COURT ABUSED ITS DISCRETION IN DETERMINING THAT DFI'S ORDER WAS NOT IN ACCORDANCE WITH THE LAW WHEN IT WAS SIGNED BY THE ACTING DEPUTY SUPERINTENDENT FOR CREDIT UNIONS.
 {¶ 7} On appeal following oral argument, Hughes filed a motion to strike, or in the alternative, for leave to respond to an argument raised orally by DFI regarding compliance with R.C. 119.09 and 119.12, which Hughes characterizes as a new argument not previously raised by DFI. Although an examination of the oral argument indicates that the issue of compliance with R.C. 119.09 was raised by DFI during rebuttal in response to Hughes' oral argument, we find that the issue is not germane to our review as the issue was not raised in the assignments of error. For this reason, we grant Hughes' motion to strike and proceed to consider the merits of the appeal.
 {¶ 8} We begin with DFI's first assignment of error. The principal issue before us is whether the Franklin County Court of Common Pleas had jurisdiction to hear Hughes' appeal. DFI asserts that Hughes failed to comply with the jurisdictional requirements of R.C. 119.12 by filing a notice of appeal first with the court of common pleas, and then a photocopy of the notice of appeal with the administrative agency, thus not perfecting her appeal and depriving the court of common pleas from exercising jurisdiction. Hughes counters by contending that because she filed a notice of appeal in both the court of common pleas and in the administrative agency within the 15-day period as required by statute, she sufficiently perfected her appeal.
{ ¶ 9} Since a motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, our review is de novo.Groza-Vance v. Vance, 162 Ohio App.3d 510, 519, 834 N.E.2d 15, 22,2005-Ohio-3815 at ¶ 13; see, also, State ex rel. Rothal v.Smith,151 Ohio App.3d 289, 314, 783 N.E.2d 1001, 1020, 2002-Ohio-7328 at ¶ 110.Therefore, we shall address DFI's assignments of error without deferenceto the decision of the court below.
 {¶ 10} Appeals from administrative agencies are exclusively governed by statute. R.C. 119.12 states in pertinent part:
Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
 {¶ 11} The Supreme Court of Ohio has long held that "an [administrative] appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." Zier v. Bureau of Unemployment Comp. (1949),151 Ohio St. 123, 84 N.E.2d 746, 38 O.O. 573, paragraph one of the syllabus; see, also, Holmes v. Union Gospel Press (1980),64 Ohio St.2d 187, 188, 414 N.E.2d 415-416, 180 Ohio.3d 405. In Nibertv. Ohio Dept. of Rehab. and Corr. (1998), 84 Ohio St.3d 100,702 N.E.2d 70, the court specifically rejected the assertion that the administrative appeal pursuant to R.C. 119.12, should be liberally construed and instead determined that the statute should be strictly applied, stating that "there is no need to liberally construe a statute whose meaning is unequivocal and definite." Id. at 102, quoting LakeHosp. Sys., Inc. v. Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525,634 N.E.2d 611, 614. The Court further reasoned that the plain language of the statute enabled both courts and administrative agencies to effectuate expeditious appeals, as well as promoting procedural efficiency and a simplified administrative appeals system. Id. at 102-103.
 {¶ 12} We have regularly addressed the issue of proper filing procedures pursuant to R.C. 119.12, and have consistently held that parties must strictly adhere to the filing requirements in order to properly perfect an appeal and invoke the jurisdiction of the court of common pleas. See, generally, Harrison v. Ohio State Med. Bd. (1995),103 Ohio App.3d 317, 322, 659 N.E.2d 368, 371 (failure to file notice of appeal with agency within 15 days deprived court of jurisdiction), Inre Namey (1995), 103 Ohio App.3d 322, 327, 659 N.E.2d 372, 375
(filing a copy of a notice of appeal with the agency after the 15 day time period fails to perfect appeal), Colonial, Inc. v. Ohio LiquorControl Comm., Franklin App. No. 02AP-1019, 2003-Ohio-3121 at ¶ 11 (because a facsimile is inherently a copy, sending a notice of appeal by facsimile to agency does not perfect appeal); and Berus v. Ohio Dept. ofAdm. Servs., Franklin App. No. 04AP-1196, 2005-Ohio-3384 (original notices of appeal with both the court and the agency does not vest the court with jurisdiction).
 {¶ 13} In Stultz v. Ohio Dept. of Adm. Servs., Franklin App. No. 04AP-602, 2005-Ohio-200, we found that the court of common pleas lacked jurisdiction to hear the appeal because an original, handwritten notice of appeal was filed with the court, and a photocopy of the notice of appeal was filed with the agency. Additionally, in Carnes v. Ohio Dept. ofCommerce (Aug. 31, 2000), Franklin App. No. 99AP-1439, an original notice of appeal was filed with the common pleas court, and a photocopy of the notice was sent to the agency. We held that the "[f]ailure to file the original notice of appeal with the agency within the allotted time [sic] constitutes a jurisdictional defect." See Id.
 {¶ 14} In the instant case, Hughes filed an original notice of appeal with the Franklin County Court of Common Pleas on August 7, 2003. Hughes then filed with DFI a photocopy of the notice of appeal that was filed with court as evidenced by a time stamp of the clerk of courts. Although Hughes asserts that she attempted to present an original notice of appeal with DFI, we point out that ultimately it was the photocopy of the notice of appeal that was filed with the agency.
 {¶ 15} Based on the above precedent and clear statutory directive, we conclude that by filing an original notice with the Franklin Court of Common Pleas and then a photocopy of the notice of appeal with DFI, Hughes failed to strictly comply with the requirements of R.C. 119.12. See Stultz at ¶ 7. Thus, Hughes failed to invoke the jurisdiction of the court of common pleas to hear her appeal. Because the court of common pleas did not have jurisdiction to hear the appeal, we sustain DFI's first assignment of error. We decline to address DFI's second assignment of error as our disposition of the first assignment of error has rendered the second assignment of error moot.
 {¶ 16} Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded to that court with instructions to vacate the judgment and to enter a judgment dismissing the cause for lack of jurisdiction.
Judgment reversed and cause remanded with instructions.
Brown, P.J., and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.