**HESKETT, Appellee,**

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellant.**

[Cite as *Heskett v. Ohio Dept. of Adm. Servs.,* 166 Ohio App.3d 311, 2006-Ohio-2074.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–1011.

Decided April 27, 2006.

Dan Klos, for appellee.

Jim Petro, Attorney General, and James M. Evans, for appellant.

FRENCH, Judge.

{¶ 1} Appellant, Ohio Department of Administrative Services ("DAS") appeals from the judgment of the Franklin County Court of Common Pleas, which reversed an administrative ruling by appellant and awarded disability benefits to appellee, Judy Heskett. For the following reasons, we reverse the judgment of the trial court and find that the court lacked jurisdiction to hear the appeal.

{¶ 2} Appellee, a state employee, applied for disability leave benefits for the period of March 8, 2004 to April 11, 2004. Appellant thereafter notified appellee that it intended to deny her claim. Appellee requested a hearing. Appellant subsequently obtained additional medical information, but ultimately notified appellee a second time of its intention to deny her claim.

{¶ 3} A hearing was held before a hearing officer pursuant to R.C. Chapter 119 and Ohio Adm.Code Chapter 123. Appellee provided reports and test results from her physician. However, the hearing officer issued a report and recommendation denying benefits based on the opinions of two third-party physicians who concluded that benefits should be denied due to insufficient medical evidence.

{¶ 4} On October 27, 2004, appellant issued an order denying disability benefits. Appellee received notice of appellant's order by certified mail containing the order and a cover letter from the director of the DAS. The letter advised appellee that she could appeal the decision, and it gave the following instructions:

In the event that you do appeal, you must file the original Notice of Appeal with the Department of Administrative Services within 15 days from the mailing of this letter. You must also file a copy of the Notice of Appeal with the Court of Common Pleas of Franklin County * * * within 15 days from the mailing of this letter. Upon filing the Notice of Appeal with the Court, we ask that you forward a time stamped courtesy copy of the Notice of Appeal bearing a file stamp and case number with the director of Administrative Services.

Such original Notice of Appeal must actually be received by the director of Administrative Services within the above-mentioned 15 day period, the Notice of Appeal must set forth the Order appealed from and state the grounds for your appeal.

{¶ 5} At 10:00 a.m. on November 9, 2004, counsel for appellee hand-delivered a notice of appeal and a cover letter to the legal office of DAS. A cover letter addressed to the chief legal counsel of DAS stated: "Enclosed please find a courtesy copy of the Notice of Appeal which was filed today and the Briefing Schedule for your convenience in the above-captioned matter." The enclosed notice of appeal was a photocopy of the original notice of appeal, which appellee's counsel had not yet filed with the court.

{¶ 6} At 11:51 a.m. on November 9, 2004, appellee's counsel filed a notice of appeal with the Franklin County Court of Common Pleas. It is undisputed that counsel filed the original notice of appeal, containing his blue-ink signature, with the court. That original did not contain a DAS time stamp. The certificate of service attached to the notice of appeal stated that a "copy of the foregoing" was served by hand delivery upon the director of DAS and the chief legal counsel of DAS on November 9, 2004.

{¶ 7} Before the trial court, appellant moved to dismiss the appeal, arguing that appellee had not properly filed the appeal and, therefore, had not invoked the jurisdiction of the court. The trial court rejected appellant's jurisdictional challenge, reversed appellant's order, and awarded disability benefits to appellee for the period March 8, 2004, to April 11, 2004.

{¶ 8} Appellant appealed to this court and now raises the following assignments of error:

I. The lower court abused its discretion and erred as a matter of law in ruling that [appellee] complied with the dual filing requirements of R.C. 119.12 and

holding that it had jurisdiction to hear [appellee's] state agency administrative appeal.

II.   The lower court erred as a matter of law in failing to give due deference to [appellant's] reasonable statutory interpretation of R.C. 119.12 and its conclusion that [appellee] failed to properly invoke the lower court's jurisdiction.

III.   The lower court erred as a matter of law in not finding the independent third-party medical reviews of Dr. Hashmi and Dr. Thaxton, binding and conclusive on both parties, according to R.C. 124.385 and Ohio Adm.Code 123:1–33–07 and 123:1–33–12(C) by virtue of [appellee's] participation in a collective bargaining agreement.

IV.   The lower court erred in reversing [appellant's] final order and in determining that the order was not supported by reliable, probative and substantial evidence and was not in accordance with law.

{¶ 9} In its first assignment of error, appellant asserts that the trial court erred in ruling that appellee had met the requirements for filing an appeal under R.C. 119.12 and denying appellant's motion to dismiss the appeal.   A motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, and our review is de novo.   *Groza–Vance v. Vance,* 162 Ohio App.3d 510, 834 N.E.2d 15, 2005-Ohio-3815, at ¶ 13.   Therefore, we consider appellant's assignment of error without deference to the trial court's decision.

{¶ 10} Statutory terms govern appeals from administrative agencies. R.C. 119.12 provides:

Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal.   A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.   * * *

{¶ 11} The question here is whether appellee met the requirements of R.C. 119.12 by filing a photocopy of an original notice of appeal with DAS and then filing the original notice of appeal with the trial court.   The trial court found dispositive the fact that appellee submitted the original notice of appeal with the trial court, "when the agency got the first-filed copy."   We find, however, that the trial court's decision is contrary to this court's precedent.

{¶ 12} In *Stultz v. Ohio Dept. of Adm. Servs.,* Franklin App. No. 04AP–602, 2005-Ohio-200, 2005 WL 110472, at ¶ 6–7, this court concluded:

Here, there is no doubt that DAS received a photocopy of the original, because appellant hand-wrote his notice of appeal in ballpoint pen blue ink, and the file contains both the "blue-ink" version, time-stamped by the common pleas court's

clerk, and the photocopy version, received by DAS. Although it seems pointless to require the common pleas court to determine whether a notice of appeal is a copy or an original, nevertheless, courts consistently have interpreted R.C. 119.12 as requiring that the original notice first go to DAS, with the copy then going to the common pleas court.

Based upon the above discussion, we conclude that, by first filing an original notice of appeal with the common pleas court and then filing a copy with DAS, appellant failed to comply with the requirements of R.C. 119.12, and the trial court properly dismissed his appeal. * * *

{¶ 13} In *Berus v. Ohio Dept. of Adm. Serv.*, Franklin App. No. 04AP–1196, 2005-Ohio-3384, 2005 WL 1532400, at ¶ 10, the person appealing an agency decision filed an original notice of appeal with the agency and an original notice of appeal with the common pleas court. We concluded that such filings did not comport with R.C. 119.12:

By its express terms, R.C. 119.12 requires that a notice of appeal be filed with the agency, and a "copy of such notice" be filed with the common pleas court. It is axiomatic that an "original," by its very nature, is not a "copy." Thus, we believe it is clear from the statute's own language that the phrase "copy of such notice" means an exact duplicate of the notice of appeal filed with the agency.

{¶ 14} In *Hughes v. Ohio Dept. of Commerce, Div. of Financial Inst.*, Franklin App. No. 04AP–1386, 2005-Ohio-6368, 2005 WL 3220219, at ¶ 11–15, we recognized:

The Supreme Court of Ohio has long held that "an [administrative] appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Zier v. Bureau of Unemployment Comp.* (1949), 151 Ohio St. 123, 84 N.E.2d 746, 38 O.O. 573, paragraph one of the syllabus; see, also, *Holmes v. Union Gospel Press* (1980), 64 Ohio St.2d 187, 188[, 18 O.O.3d 405], 414 N.E.2d 415–416. In *Nibert v. Ohio Dept. of Rehab., and Corr.* (1998), 84 Ohio St.3d 100, 702 N.E.2d 70, the court specifically rejected the assertion that the administrative appeal pursuant to R.C. 119.12, should be liberally construed and instead determined that the statute should be strictly applied, stating that "there is no need to liberally construe a statute whose meaning is unequivocal and definite." Id. at 102, 702 N.E.2d 70, quoting *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521, 525, 634 N.E.2d 611, 614. The Court further reasoned that the plain language of the statute enabled both courts and administrative agencies to effectuate expeditious appeals, as well as promoting procedural efficiency and a simplified administrative appeals system. Id. at 102–103, 702 N.E.2d 70.

We have regularly addressed the issue of proper filing procedures pursuant to R.C. 119.12, and have consistently held that parties must strictly adhere to the filing requirements in order to properly perfect an appeal and invoke the jurisdiction of the court of common pleas. See, generally, *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 322, 659 N.E.2d 368, 371 (failure to file notice of appeal with agency within 15 days deprived court of jurisdiction), *In re Namey* (1995), 103 Ohio App.3d 322, 327, 659 N.E.2d 372, 375 (filing a copy of a notice of appeal with the agency after the 15 day time period fails to perfect appeal), *Colonial, Inc. v. Ohio Liquor Control Comm.*, Franklin App. No. 02AP–1019, 2003 Ohio 3121[, 2003 WL 21385924] at ¶ 11 (because a facsimile is inherently a copy, sending a notice of appeal by facsimile to agency does not perfect appeal); and *Berus v. Ohio Dept. of Adm. Servs.*, Franklin App. No. 04AP–1196, 2005 Ohio 3384[, 2005 WL 1532400] (original notices of appeal with both the court and the agency does not vest the court with jurisdiction).

In *Stultz v. Ohio Dept. of Adm. Servs.*, Franklin App. No. 04AP–602, 2005 Ohio 200[, 2005 WL 110472], we found that the court of common pleas lacked jurisdiction to hear the appeal because an original, handwritten notice of appeal was filed with the court, and a photocopy of the notice of appeal was filed with the agency. Additionally, in *Carnes v. Ohio Dept. of Commerce* (Aug. 31, 2000), Franklin App. No. 99AP–1439, an original notice of appeal was filed with the common pleas court, and a photocopy of the notice was sent to the agency. We held that the "[f]ailure to file the original notice of appeal with the agency within the allotted time [sic] constitutes a jurisdictional defect." See Id.

In the instant case, Hughes filed an original notice of appeal with the Franklin County Court of Common Pleas on August 7, 2003. Hughes then filed with DFI a photocopy of the notice of appeal that was filed with court as evidenced by a time stamp of the clerk of courts. Although Hughes asserts that she attempted to present an original notice of appeal with DFI, we point out that ultimately it was the photocopy of the notice of appeal that was filed with the agency.

Based on the above precedent and clear statutory directive, we conclude that by filing an original notice with the Franklin Court of Common Pleas and then a photocopy of the notice of appeal with DFI, Hughes failed to strictly comply with the requirements of R.C. 119.12. See *Stultz* at ¶ 7. Thus, Hughes failed to invoke the jurisdiction of the court of common pleas to hear her appeal. Because the court of common pleas did not have jurisdiction to hear the appeal, we sustain DFI's first assignment of error. We decline to address DFI's second assignment of error as our disposition of the first assignment of error has rendered the second assignment of error moot.

{¶ 15} These cases establish that a person appealing an agency's decision to the trial court must file an original notice of appeal with the agency, not a photocopy. And, a person appealing an agency's decision to the trial court must file a copy of the notice of appeal with the trial court, not an original. Consistent with these prior opinions, appellant's notice to appellee instructed her, if she filed an appeal, to file the original notice of appeal with DAS and a copy with the trial court. Appellee did not adhere to these instructions.

{¶ 16} Appellee urges us not to rely on this court's prior decisions because the facts underlying those decisions are distinguishable from the facts in this case. Here, appellee stresses, DAS received the first notice of appeal. We find, however, that even if we were to distinguish these cases on the grounds that, in this case, DAS received the first notice of appellee's appeal, our precedent would still lead to the conclusion that the trial court lacked jurisdiction because appellee failed to file an *original* notice of appeal with DAS and even identified the document delivered to DAS as a mere "courtesy copy." Such actions do not conform to the R.C. 119.12 filing requirements as this court has defined them.

{¶ 17} To be sure, this court has expressed frustration with these filing requirements. In *Stultz,* we noted, at ¶ 7:

[W]e once again draw the Ohio legislature's attention to the seemingly unnecessary burden this statutory requirement imposes upon unwitting appellants. A more flexible rule would better serve the interests of justice.

See, also, *Smith v. Ohio Dept. of Commerce* (Aug. 21, 2001), Franklin App. No. 00AP–1342, 2001 WL 950160 ("[w]hile logic and advancements in technology would seem to dictate a change in how notices of appeal are handled, a change in the language of the statute is beyond the purview of this court").

{¶ 18} We note, too, that our prior decisions appear to be in conflict with decisions from other Ohio courts. See *Morrison v. Ohio Dept. of Ins.,* Gallia App. No. 01CA13, 2002-Ohio-5986, 2002 WL 31432102 (finding that the plain language of R.C. 119.12 does not require "that a document bearing an original signature be served on the agency, or that a photo copy of the notice of appeal be served on the court"); *Wheat v. Bd. of Embalmers & Funeral Dirs.* (July 2, 1998), Montgomery App. No. 16918, 1998 WL 350902 (declining to read R.C. 119.12 as requiring an original, as opposed to a copy, to be filed with the administrative agency).

{¶ 19} Nevertheless, we must adhere to this court's precedent, which establishes that appellee did not invoke the jurisdiction of the trial court when she filed a photocopy of the notice of appeal with DAS and then the original notice of appeal in the trial court. On these grounds, we sustain the first assignment of error.

{¶ 20} Having sustained appellant's first assignment of error, we find that the remaining assignments of error are now moot, and our consideration of them is unnecessary. Thus, we sustain appellant's first assignment of error, find that the remaining assignments of error are moot, and reverse the judgment of the Franklin County Court of Common Pleas.

Judgment reversed.

KLATT, P.J., and BRYANT, J., concur.