OPINION
{¶ 1} This is an appeal from an order of the Franklin County Court of Common Pleas which dismissed appellant's appeal pursuant to R.C. 119.12 from an order of the Ohio Department of Jobs and Family Services, an administrative agency. On appeal, appellant raises three assignments of error as follows:
ASSIGNMENT OF ERROR NO. I
THE LOWER COURT ERRED IN FINDING IT LACKED JURISDICTION TO HEAR WINDSOR'S APPEAL OF THE ADMINISTRATIVE DECISION.
ASSIGNMENT OF ERROR NO. II
THE LOWER COURT ERRED BY GRANTING APPELLEE'S MOTION TO STRIKE WINDSOR'S AMENDED NOTICE OF APPEAL.
ASSIGNMENT OF ERROR NO. III
THE LOWER COURT ERRED BY FAILING TO GRANT WINDSOR'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 2} Appellant, CHS-Windsor, Inc. ("Windsor"), operates a nursing facility which participates in the Medicaid program administered in Ohio by the Ohio Department of Jobs and Family Services ("ODJFS"). A routine audit conducted by ODJFS as required by the Medicaid program indicated that that Windsor had been overpaid $9,033.25 in Medicaid reimbursements. ODJFS sent notice to Windsor that it proposed to issue an order to that effect. Notice of the proposed order and notice of Windsor's right to request a hearing was mailed to Windsor by certified mail. Windsor received the copy of the notice on October 4, 2004. Windsor did not request a hearing.
 {¶ 3} On May 17, 2005, ODJFS issued a final adjudication order implementing the earlier finding that Windsor owed $9,033.25 to ODJFS. On May 25, 2005, Windsor filed a notice of appeal from that order. The notice of appeal stated that the appeal was taken:
* * * from the Adjudication Order * * * dated July 19, 2002 a copy of which is attached and incorporated herein by reference and styled In Re.; Chs-Windsor Inc., Docket No. 05 NBAR 024 for the reimbursement period of July 1, 2003 through June 30, 2004. The Adjudication Order is not in accordance with law in that it is not a "Final Order" as required by state law because it purports to exclude any collection of amounts which may be owed to the Department as a result of a certain audit identified within the Adjudication Order.
 {¶ 4} On June 17, 2005, Windsor filed an amended notice of appeal that corrected the date of the adjudication order from July 19, 2002 to May 17, 2005. In addition, the amended notice of appeal added the words "and is not based on substantive, reliable or probative evidence."
 {¶ 5} Each of Windsor's assignments of error involves the basic question of whether Windsor properly invoked the jurisdiction of the trial court. Therefore, we will address that question directly.
 {¶ 6} Where the right of appeal is conferred by statute, an appeal may be perfected only in the manner prescribed by statute. E.g., Zier v. Bur. of Unemployment Comp. (1949),151 Ohio St. 123, paragraph one of the syllabus. Parties must strictly adhere to the filing requirements in order to perfect an appeal and invoke the jurisdiction of the court of common pleas. Harrisonv. Ohio State Med. Bd. (1995), 103 Ohio App.3d 317; Hughes v.Ohio Dept. of Commerce, Division of Financial Institutions,
Franklin App. No. 04AP-1386, 2005-Ohio-6368 and cases cited therein.
 {¶ 7} An appeal from an adjudication of ODJFS may be taken under R.C. 119.12. In order to properly invoke the jurisdiction of the reviewing court, the appellant must comply with the requirements of R.C. 119.12. In pertinent part, that section provides as follows:
Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
If a party fails to comply with the requirements of R.C.119.12, the common pleas court does not have jurisdiction to hear the appeal. Zier; Hughes, supra.
 {¶ 8} In this case, Windsor's original notice of appeal was timely filed, but erroneously gave the date of the adjudication order as July 19, 2002, rather than the correct date, May 17, 2005. However, Windsor clearly identified the docket number and gave the style of the case and the reimbursement period covered by the order. We conclude that Windsor adequately identified the order from which Windsor sought an appeal. However, R.C. 119.12
requires more.
 {¶ 9} R.C. 119.12 requires that the notice of appeal not only set forth the order appealed from, but also set forth "the grounds of the party's appeal." The requirement that the grounds of the appeal be identified puts the agency on notice of the claim or claims against which it must defend. Green v. State Bd.of Registration for Professional Engineers and Surveyors, Greene App. No. 05CA121, 2006-Ohio-1581, at ¶ 13. A notice of appeal that fails to set forth the grounds of the party's appeal is jurisdictionally defective. Zier, supra, Berus v. Ohio Dept.of Admin. Services, Franklin App. No. 04AP-1196, 2005-Ohio-3384, at ¶ 12-13; Green, supra, at ¶ 14-18.
 {¶ 10} While Windsor's notice of appeal filed on May 25, 2005 adequately identifies the order appealed from, the notice of appeal fails to state a cognizable ground for the appeal. Instead, Windsor alleged that "[t]he Adjudication Order is not in accordance with law in that it is not a "Final Order" as required by state law because it purports to exclude any collection of amounts which may be owed to the Department as a result of a certain audit identified within the Adjudication Order." The lack of a final order is not a ground for an appeal. The lack of a final order is a reason why an appeal cannot be taken.
 {¶ 11} Appellant filed an amended notice of appeal on June 17, 2005. The amended notice added both the correct day of the adjudication order and, as grounds for the appeal, stated that the order "is not based on substantive, reliable or probative evidence." A notice of appeal may be amended. However, the amended notice must be filed within the time for the filing of the notice of appeal. Deerhake v. Limbach (1989),47 Ohio St.3d 44; American Restaurant Lunch Co. v. Glander (1946),147 Ohio St. 147; Meadowbrook Manor Nursing Home v. Ohio Dept. of Healthand The Certificate of Need Review Board (Sept. 2, 1983), Trumbull App. No. 3160. In appeals under R.C. 119.12, the notice of appeal and any amendments thereto must be filed within the 15-day period following the mailing of the notice of the adjudication order. Id. Because appellant's amended notice of appeal and additional stated grounds for the appeal was not filed within the 15-day period, the amended notice of appeal is a nullity.
 {¶ 12} Appellant failed to properly invoke the jurisdiction of the common pleas court in its appeal from the agency below. That jurisdictional defect is fatal to the appeal and cannot be cured by resort to Civ.R. 60(B)(1) or (5). Accordingly, we affirm the judgment of the trial court, albeit for somewhat different reasons.
Judgment affirmed.
Klatt, P.J., and Brown, J., concur.