DECISION
{¶ 1} Plaintiff-appellant, Kelsey's Learning Center ("appellant"), appeals from the November 9, 2005, decision and entry of the Franklin County Court of Common Pleas affirming the order of the Ohio Department of Job and Family Services ("appellee" or "ODJFS") that revoked its provisional license to operate a childcare center.
 {¶ 2} On November 10, 2004, appellee issued an adjudication order revoking appellant's provisional license to operate a childcare center, and sent appellant notice of the order by certified mail. (Record of Proceedings, Part IV, Rec. 64.) On November 26, 2004, appellant filed a notice of appeal from that order. On November 9, 2005, the common pleas court issued a decision affirming appellee's order.
 {¶ 3} Appellant appealed to this court and now raises the following two assignments of error:
I. The trial court erred and abused its discretion when it violated R.C. 119.12 by failing to conduct a hearing and failing to give preference to these proceedings over all other civil cases.
II. The trial court erred and abused its discretion in ruling that Kelsey's Learning Center, as the holder of a provisional license, had no rights under R.C. 5104.04 even though ODJFS'S [sic] notice of proposed revocation stated that the action was being issued pursuant to R.C. 119.06, 119.07, 5104.03, and5104.04.
 {¶ 4} Prior to addressing the merits of appellant's appeal, we must first determine whether appellant properly invoked the jurisdiction of the trial court. In its brief, appellee contends that appellant's notice of appeal failed to set forth the "grounds" of its appeal as required by R.C. 119.12, and the failure to do so resulted in a jurisdictional defect that deprived the trial court of subject matter jurisdiction.[1]
 {¶ 5} We begin our analysis by noting that when the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute. Ramsdell v. Ohio Civil RightsComm. (1990), 56 Ohio St.3d 24, 27. Parties must strictly adhere to the filing requirements in order to perfect an appeal and invoke the jurisdiction of the court of common pleas. Harrisonv. Ohio State Med. Bd. (1995), 103 Ohio App.3d 317; Hughes v.Ohio Dept. of Commerce, Div. of Financial Inst., Franklin App. No. 04AP-1386, 2005-Ohio-6368; and cases cited therein.
 {¶ 6} An appeal from an adjudication of ODJFS may be taken under R.C. 119.12. In order to properly invoke the jurisdiction of the reviewing court, the appellant must comply with the requirements of R.C. 119.12. In pertinent part, that section provides as follows:
Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court.
Thus, by its express terms, R.C. 119.12 requires that the notice of appeal not only set forth the order appealed from, but also set forth "the grounds of the party's appeal." A notice of appeal that fails to set forth the grounds of the party's appeal is jurisdictionally defective. Zier v. Bur. of UnemploymentComp. (1949), 151 Ohio St. 123, paragraph two of the syllabus;CHS-Windsor, Inc. v. Ohio Dept. of Job Family Serv., Franklin App. No. 05AP-909, 2006-Ohio-2446, at ¶ 9; Green v. State Bd. ofRegistration for Professional Engineers and Surveyors, Greene App. No. 05CA121, 2006-Ohio-1581, at ¶ 20; Stultz v. Ohio Dept.of Admin. Serv., Franklin App. No. 04AP-602, 2005-Ohio-200;Berus v. Ohio Dept. of Admin. Serv., Franklin App. No. 04AP-1196, 2005-Ohio-3384, at ¶ 12-13; Green, supra, at ¶ 14-18.
 {¶ 7} In this case, appellant's notice of appeal provides in toto:
Kelsey's Learning Center, Sherri Chatman, and Betty Dixson hereby appeal the November 10, 2004 Adjudication Order rendered by the Director of the Ohio Department of Job Family Services concerning Kelsey's learning Center, Docket No. 03DCL67. (Notice of Appeal, filed Nov. 26, 2004.)
While the foregoing adequately identified the order appealed from, it does not state a cognizable ground for the appeal. In fact, the trial court made this same observation, although it proceeded to render a decision on the merits of appellant's administrative appeal.[2] Thus, we conclude that the trial court lacked jurisdiction to consider appellant's administrative appeal filed pursuant to R.C. 119.12 because said notice failed to comply with the content requirements of that section.
 {¶ 8} Based on the foregoing, we find appellant failed to properly invoke the jurisdiction of the court of common pleas in its appeal from the agency below. That jurisdictional defect is fatal to the appeal. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, although we affirm for different reasons.
Judgment affirmed.
Bryant and French, JJ., concur.
[1] Although appellee did not raise the issue of jurisdiction in the proceedings before the trial court, it is not foreclosed from doing so for the first time on appeal, as subject-matter jurisdiction cannot be waived. See, e.g., City of Lakewood v.All Structures, Inc. (1983), 13 Ohio App.3d 115.
[2] The trial court commented:
The Notice of Appeal did not articulate any specific errors. The Court could rely upon the case of Berus v. Ohio Dept. ofAdmin. Services, Franklin App. No. 04AP-1196, 2005-Ohio-3384, at ¶ 12 and determine that there is no jurisdiction to review the instant appeal. However, the Court will offer its analysis of the matters raised in the merit briefs. (Decision and entry, filed Nov. 9, 2005, at 3.)