OPINION
{¶ 1} Appellant, Robert J. Pierce, Inc. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which dismissed appellant's appeal from an order of appellee, the Ohio Liquor Control Commission ("commission"), for lack of jurisdiction. For the following reasons, we affirm.
 {¶ 2} On October 13, 2004, the Ohio Division of Liquor Control issued and mailed to appellant a tax non-renewal order, which rejected appellant's application for a liquor license renewal on the grounds that appellant owed unpaid taxes. Although not at issue in this appeal, appellant denies receiving the October 13, 2004 order.
 {¶ 3} In June 2005, appellant attempted to appeal the October 13, 2004 order to the commission. On September 16, 2005, the commission issued an order dismissing appellant's appeal as untimely. The commission's order included the following notice:
Appellant is hereby notified that this Order may be appealed pursuant to Ohio Revised Code Section 119.12 by filing a Notice of Appeal with the Ohio Liquor Control Commission, setting forth the Order appealed from and the grounds of the appeal. A copy of such Notice shall also be filed with the Court of Common Pleas with competent jurisdiction. Such Notice of Appeal must be filed within twenty-one (21) days after the date of mailing of this order.
 {¶ 4} On October 6, 2005, appellant sent by facsimile to the commission a letter stating the following:
Attached for filing with the Commission is the Notice of Appeal of the above-noted permit holder for the Commission's Order mailed and dated September 16, 2005. Also enclosed is a copy of the Notice of Appeal being filed this date with the Franklin County, Ohio Common Pleas Court in this matter. * * *
 {¶ 5} Along with the letter, appellant also transmitted via facsimile a notice of appeal headed "BEFORE THE LIQUOR CONTROL COMMISSION STATE OF OHIO[.]" In addition, appellant transmitted a copy of a notice of appeal headed "IN THE FRANKLIN COUNTY COMMON PLEAS COURT[.]" The content of the two notices was similar, but not identical.
 {¶ 6} On October 14, 2005, the commission filed a motion to dismiss appellant's appeal for failure to file an original notice of appeal with the commission, as required by R.C. 119.12. Appellant did not file a response to the motion. On November 8, 2005, the court dismissed appellant's appeal for failure to comply with R.C. 119.12 because appellant did not file an original notice of appeal with the commission.
 {¶ 7} Appellant filed a timely notice of appeal to this court and raises the following assignment of error:
THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION ON THE BASIS THAT APPELLANT DID NOT FILE AN ORIGINAL NOTICE OF APPEAL WITH THE OHIO LIQUOR CONTROL COMMISSION.
 {¶ 8} Despite appellant's argument that this court should review the trial court's dismissal under an abuse of discretion standard, "[a] motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, and our review is de novo." Heskett v. Ohio Dept. of Adm. Servs.,166 Ohio App.3d 311, 2006-Ohio-2074, at ¶ 9, citing Groza-Vance v.Vance, 162 Ohio App.3d 510, 2005-Ohio-3815, at ¶ 13.
 {¶ 9} R.C. 119.12 provides:
Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
 {¶ 10} The question here is whether appellant complied with R.C. 119.12 by sending a notice of appeal to the commission via facsimile. This court addressed that question in Smith v. OhioState Dept. of Commerce (Aug. 21, 2001), Franklin App. No. 00AP-1342. In Smith, as here, the appellant filed a notice of appeal with the common pleas court and sent a facsimile to the state agency. This court stated:
Here, by its terms, R.C. 119.12 requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and a copy of the notice be filed with the court within the fifteen-day period. A facsimile, by its very nature is a copy. * * *
 {¶ 11} In Colonial, Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 02AP-1019, 2003-Ohio-3121, we relied on Smith
to find, again, that filing a notice of appeal by facsimile does not meet R.C. 119.12 jurisdictional requirements.
 {¶ 12} In many other cases, this court has consistently held that R.C. 119.12 requires an appellant to file an original notice of appeal with the state agency in order to perfect an appeal; a copy will not suffice. See Heskett; Stultz v. Ohio Dept. ofAdm. Servs., Franklin App. No. 04AP-602, 2005-Ohio-200; Berusv. Ohio Dept. of Adm. Servs., Franklin App. No. 04AP-1196,2005-Ohio-3384; Hughes v. Ohio Dept. of Commerce, Div. of Fin.Inst., Franklin App. No. 04AP-1386, 2005-Ohio-6368, appeal pending (2006), 109 Ohio St.3d 1422.
 {¶ 13} Here, not only did appellant file the notice of appeal with the commission by facsimile, that notice was not even an exact duplicate of the notice filed in the trial court. As we have concluded in other similar circumstances: "Such actions do not conform to the R.C. 119.12 filing requirements as this court has defined them." Heskett at ¶ 16.
 {¶ 14} Appellant acknowledges this court's prior decisions, but relies on decisions from outside our jurisdiction to argue that filing a notice of appeal via facsimile is sufficient under R.C. 119.12. See, e.g., Ohio Dept. of Alcohol Drug AddictionServs. v. Morris, 161 Ohio App.3d 602, 2005-Ohio-3053 (finding that filing original notice of appeal in trial court and copy of notice with agency complied with R.C. 119.12 and acknowledging conflict with Eighth and Tenth District Courts of Appeals);Playmate School and Child Care Ctr. v. Ohio Dept. of Job andFamily Servs., Licking App. No. 2005-CA-55, 2005-Ohio-5937
(relying on Morris to find that R.C. 119.12 does not require that an original notice of appeal be filed with agency).
 {¶ 15} We decline appellant's invitation to overrule this court's precedent. While we have acknowledged the "seemingly unnecessary burden" these strict requirements impose "upon unwitting appellants[,]" we also have stated that a "change in the language of the statute is beyond the purview of this court."Stultz at ¶ 7, Smith. For these reasons, we overrule appellant's assignment of error.
 {¶ 16} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Brown, JJ., concur.