OPINION
{¶ 1} Appellant, Brenda K. Morris, appeals from a judgment of the Franklin County Court of Common Pleas that dismissed her administrative appeal for lack of jurisdiction. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On February 17, 2006, in the Franklin County Court of Common Pleas, appellant appealed from an order of the Ohio Real Estate Appraiser Board ("board") that, among other things, ordered a 90-day suspension of appellant's residential appraiser certificate, $1,000 in civil penalties, and 15 hours of continuing education. On February 21, 2006, the board received a copy of this notice of appeal that was filed in the common pleas court.
 {¶ 3} Contending that appellant failed to perfect her appeal under R.C. 119.12 because she filed her original notice of appeal with the common pleas court instead of with the board, the board moved to dismiss appellant's administrative appeal. Finding that appellant failed to comply with the requirements of R.C. 119.12, the trial court granted the board's motion to dismiss and dismissed appellant's appeal for lack of jurisdiction.
 {¶ 4} From the common pleas court's judgment, appellant appeals and assigns a single error for our consideration:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING APPELLANT'S APPEAL OF THE DECISION OF THE OHIO REAL ESTATE APPRAISER BOARD BECAUSE SHE COMPLIED WITH THE REQUIREMENTS TO PERFECT HER APPEAL AS SET FORTH IN R.C. 119.12.
 {¶ 5} A motion to dismiss for lack of subject-matter jurisdiction inherently raises questions of law, and, as a consequence, appellate review is de novo. Heskett v. Ohio Dept. of Adm. Servs.,166 Ohio App.3d 311, 2006-Ohio-2074, at ¶ 9, motion to certify allowed,111 Ohio St.3d 1407, 2006-Ohio-5083, and appeal allowed, 111 Ohio St.3d 1409,2006-Ohio-5083, citing Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio3815, at ¶ 13; Robert J. Pierce, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 05AP-1306, 2006-Ohio-5781, at ¶ 8, citingHeskett, at ¶ 9.
 {¶ 6} "Jurisdiction has been described as `a word of many, too many, meanings.'" Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 33, quoting United States v. Vanness (C.A.D.C. 1996), 85 F.3d 661, 663, fn. 2. Because the term "jurisdiction" is used in various contexts and often is not properly clarified, misinterpretation and confusion has resulted. Pratts, at ¶ 33.
 {¶ 7} " `Jurisdiction' means `the courts' statutory or constitutional power to adjudicate the case.'" Pratts, at ¶ 11, quoting Steel Co. v.Citizens for a Better Environment (1998), 523 U.S. 83, 89,118 S.Ct. 1003 (emphasis omitted); Morrison v. Steiner (1972), 32 Ohio St.2d 86,87, paragraph one of the syllabus; see, also, In re J.J.,111 Ohio St.3d 205, 2006-Ohio-5484, at ¶ 11. The term "jurisdiction" "encompasses jurisdiction over the subject matter and over the person."Pratts, at ¶ 11, citing State v. Parker, 95 Ohio St.3d 524,2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting).
 {¶ 8} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." Pratts, at ¶ 11, citing United States v.Cotton (2002), 535 U.S. 625, 630, 122 S.Ct. 1781; State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70, 75, reconsideration denied (1999), 84 Ohio St.3d 1475. A distinction exists between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises subject-matter jurisdiction once conferred upon it.Pratts, at ¶ 10.
 {¶ 9} Distinguishing between subject-matter jurisdiction and jurisdiction over a particular case is important "because `"`[i]t is only where the trial court lacks subject matter jurisdiction that its judgment is void; lack of subject matter jurisdiction over the particular case merely renders the judgment voidable.'"'" In reJ.J., supra, at ¶ 10, quoting Pratts, at ¶ 12, quoting State v.Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, at ¶ 22 (Cook, J., dissenting), quoting State v. Swiger (1998), 125 Ohio App. 3d 456, 462.
 {¶ 10} R.C. 4763.11(F) provides, in part, that "[t]he decision and order of the [real estate appraiser board] is final, subject to review in the manner provided for in Chapter 119. of the Revised Code and appeal to any court of common pleas."
 {¶ 11} R.C. 119.12 states:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
 {¶ 12} "When the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute." Smith v. StateDept. of Commerce (Aug. 21, 2001), Franklin App. No. 00AP-1342 (Kennedy, J., dissenting), citing Ramsdell v. Ohio Civil Rights Comm. (1990),56 Ohio St.3d 24, 27; Berus v. Ohio Dept. of Adm. Serv., Franklin App. No. 04AP-1196, 2005-Ohio-3384, at ¶ 8 (Bryant, J., concurring separately). See, also, Zier v. Bur. of Unemployment Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus; Proctor v. Giles (1980),61 Ohio St.2d 211.
 {¶ 13} In Smith, affirming the judgment of the common pleas court that dismissed the appellant's appeal for lack of jurisdiction, this court stated: "[B]y its terms, R.C. 119.12 requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and a copy of the notice be filed with the court within the fifteen-day period. * * * This court has previously held that the requirement that the notice of appeal be filed with the agency and a copy with the court is mandatory and jurisdictional." Id.[1]
 {¶ 14} Following Smith, this court rendered Stultz v. Ohio Dept. ofAdm. Services, Franklin App. No. 04AP-602, 2005-Ohio-200. InStultz, the appellant filed an original, handwritten notice of appeal with the common pleas court, and three days later appellant filed a photocopy of the notice of appeal with the agency. Id. at ¶ 5. Both notices arrived within the 15-day time frame under R.C. 119.12. Id. Construing Smith and Buchler v. Ohio Dept. of Commerce/Real Estate (July 12, 2001), Cuyahoga App. No. 78401, dismissed, appeal not allowed,93 Ohio St.3d 1484, the Stultz court concluded that by first filing an original notice of appeal with the common pleas court and then filing a copy with the administrative agency, the appellant failed to comply with R.C. 119.12, and this court also concluded that the common pleas court properly dismissed the appellant's appeal. Id. at ¶ 7.
 {¶ 15} Subsequent to Stultz, this court rendered Hughes v. Ohio Dept.of Commerce, Div. of Financial Ins., Franklin App. No. 04AP-1386,2005-Ohio-6368, appeal allowed (2006), 109 Ohio St.3d 1422,2006-Ohio-1967. Construing this court's judicial antecedents and R.C. 119.12, this Hughes court concluded that by filing an original notice of appeal with the court of common pleas and then a photocopy of the notice of appeal with the administrative agency, the appellant failed to strictly comply with R.C. 119.12, and, therefore, failed to invoke the jurisdiction of the court of common pleas to consider the appellant's appeal. Id. at ¶ 15. See, also, Berus, supra, at ¶ 11 (concluding that filing two original notices of appeal fails to comply with the requirements of R.C. 119.12).
 {¶ 16} More recently in Heskett, supra, construing Stultz,Berus, and Hughes, this court stated:
 These cases establish that a person appealing an agency's decision to the [common pleas] court must file an original notice of appeal with the agency, not a photocopy. And, a person appealing an agency's decision to the [common pleas] court must file a copy of the notice of appeal with the [common pleas] court, not an original. * * *
Id. at ¶ 15.
 {¶ 17} The Heskett court therefore concluded that by the filing of a photocopy of a notice of appeal with the administrative agency and an original notice of appeal in the common pleas court, the appellant failed to invoke the jurisdiction of the common pleas court. Id. at ¶ 19; see, also, Robert J. Pierce, Inc., supra, at ¶ 12 (stating that "[i]n many other cases, this court has consistently held that R.C. 119.12 requires an appellant to file an original notice of appeal with the state agency in order to perfect an appeal; a copy will not suffice").
 {¶ 18} Here, appellant filed her original notice of appeal with the common pleas court within 15 days after the mailing of the board's order and later filed a copy of this notice of appeal with the administrative agency, which was received by the agency within 15 days after the mailing of the board's order.[2] Because appellant failed to file her original notice of appeal with the administrative agency as required by R.C. 119.12, we hold the common pleas court properly determined that appellant failed to comply with the requirements of R.C. 119.12, and we further hold that the common pleas court properly determined that appellant failed to perfect her appeal from the board's order. SeeStultz, at ¶ 7; Heskett, at ¶ 19; Hughes, at ¶ 15.
 {¶ 19} Moreover, because this court has "previously held that the requirement that the notice of appeal be filed with the agency and a copy with the court is mandatory and jurisdictional," Smith, supra, we also hold that the common pleas court properly granted the board's motion to dismiss and properly dismissed appellant's appeal for lack of jurisdiction. We therefore overrule appellant's sole assignment of error.
 {¶ 20} Additionally, we decline appellant's invitation to overrule this court's judicial antecedents. While this court has suggested that "logic and advancement in technology would seem to dictate a change in how notices of appeal are handled," Smith, supra, and this court has recognized the "seemingly unnecessary burden" the strict requirements of R.C. 119.12 impose "upon unwitting appellants[,]" Stultz, at ¶ 7, this court has also properly acknowledged that a "change in the language of the statute is beyond the purview of this court." Smith, supra. SeeRobert J. Pierce, Inc., at ¶ 15; Heskett, at ¶ 17 (acknowledging this court's expression of frustration with filing requirements under R.C. 119.12); Berus, at ¶ 11 (agreeing that R.C. 119.12 exalts form over substance but recognizing that this court is constrained by the plain language of R.C. 119.12).
 {¶ 21} Accordingly, having overruled appellant's sole assignment of error, and having concluded that the common pleas court properly dismissed appellant's appeal for lack of jurisdiction, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT, P.J., and TRAVIS, J., concur.
[1] Accord Mudgett v. Ohio State Bd. of Emergency Med. Servs.,165 Ohio App.3d 330, 2005-Ohio-6171, at ¶ 14, appeal not allowed (2006),109 Ohio St.3d 1407, 2006-Ohio-1703 (concluding that failure to wholly comply with the requirements of R.C. 119.12 required the court to find that an appellant-cross-appellee's appeal was not properly perfected);Campbell v. Ohio Bur. of Motor Vehicles, 156 Ohio App.3d 615,2004-Ohio-1575, ¶ 22 (stating that R.C. 119.12 "requires a notice of appeal to be filed with the agency, which implies the original notice of appeal, and a copy of the notice of appeal filed with the trial court"). But, see, Ohio Dept. of Alcohol Drug Addiction Servs. v. Morris,161 Ohio App.3d 602, 2005-Ohio-3053, at ¶ 13 (abrogating Campbell, supra);Playmate School Childcare Ctr. v. Ohio Dept. of Job FamilyServ., Licking App. No. 2005-CA-55, 2005-Ohio-5937, at ¶ 9-10 (followingMorris, supra, and holding that R.C. 119.12 did not require the appellant to serve the original notice of appeal on the administrative agency); Evans v. Ohio Dept. of Ins., Delaware App. No. 04 CA 80, 2005-Ohio-3921, at ¶ 21, appeal not allowed, 107 Ohio St.3d 1684,2005-Ohio-6480, at ¶ 19-21, appeal not allowed, 107 Ohio St.3d 1684,2006-Ohio-6480 (disagreeing with Morris and adhering toCampbell, supra). Cf. Wheat v. Bd. of Embalmers Funeral Directors
(July 2, 1998), Montgomery App. No. 16918 (holding that R.C. 119.12 does not mandate the filing of the original notice of appeal with the administrative agency); Morrison v. Ohio Dept. of Ins., Gallia App. No. 01CA13, 2002-Ohio-5986, at ¶ 18 (finding that neither R.C. 119.12 norNibert v. Ohio Dept. of Rehab. Corr. [1998], 84 Ohio St.3d 100, "requires that a document bearing an original signature be served on the agency, or that a photo copy of the notice of appeal be served on the court").
[2] According to the record, the board mailed its order via certified mail on February 9, 2006, and appellant received the order on February 11, 2006.