CAMPBELL, Appellee,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellant.

[Cite as *Campbell v. Ohio Bur. of Motor Vehicles,*
156 Ohio App.3d 615, 2004-Ohio-1575.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2003CA00270.

Decided March 29, 2004.

Black, McCuskey, Souers & Arbaugh and Mary E. Randall, for appellee.

Jim Petro, Attorney General, and Amy Diane Hathaway, Assistant Attorney General, for appellant.

WISE, Judge.

{¶ 1} Appellant Ohio Bureau of Motor Vehicles ("BMV") appeals from the judgment of the Stark County Court of Common Pleas that reversed the decision of the BMV suspending appellee Paula Campbell's driving and registration privileges. The following facts give rise to this appeal.

{¶ 2} This matter involves an administrative appeal from an order of the BMV suspending appellee's driving privileges because of a car accident, while she was

driving intoxicated and without insurance. On February 14, 2003, the BMV received a certified default judgment entry, against appellee, in the amount of $6,994. On February 26, 2003, the BMV suspended appellee's driver's license for three months.

{¶ 3} The BMV notified appellee of the suspension by a "notice of suspension" letter mailed to her on February 26, 2003. This letter provided:

{¶ 4} "Under Ohio Revised Code, Section 119.12, you may appeal this suspension. Your appeal should be made in writing and sent to BOTH the Ohio Bureau of Motor Vehicles (see address below) AND the Court of Common Pleas in your home county. Contact the court to determine the amount of deposit they require to cover the costs. Your appeal must be received within 15 days of the mailing date of this letter."

{¶ 5} Appellee decided to appeal the BMV suspension. Appellee delivered a copy of her notice of appeal to the BMV office in Canton. Thereafter, on March 13, 2003, within the time frame permitted for the appeal, appellee faxed a copy of her notice of appeal to the BMV in Columbus. The BMV filed a motion to dismiss for lack of jurisdiction, due to appellee's failure to comply with the requirements of R.C. 119.12.

{¶ 6} On June 20, 2003, a magistrate conducted a hearing in this matter and denied the BMV's motion to dismiss. The magistrate also ruled in favor of appellee and informed the parties that they had 14 days to object to his ruling. However, prior to the expiration of this 14–day period, the trial court judge issued a final order on June 30, 2003, affirming the decision of the magistrate and concluding that there was not substantial, reliable, and probative evidence that the judgment remains unpaid. Judgment Entry, June 30, 2003, at 1.

{¶ 7} The BMV timely filed a notice of appeal and sets forth the following assignments of error for our consideration:

{¶ 8} "I. The lower court incorrectly determined it had jurisdiction to hear Campbell's appeal when Campbell failed to strictly comport with R.C. § 119.12's requirements as Ohio Supreme Court precedent requires.

{¶ 9} "II. The lower court erred in determining that the BMV's order was not supported by reliable, probative and substantial evidence and was not in accordance with the law.

{¶ 10} "III. The lower court erred in assigning the burden of proof to the BMV to establish that Campbell had not paid the judgment against her.

{¶ 11} "IV. The lower court erred in filing its decision before the BMV had the opportunity to file its proposed findings of fact and conclusions of law and

subsequent objections to the magistrate's ruling in violation of Civ. Rules 52 and 53."

## "Standard of Review"

{¶ 12} When reviewing an order of an administrative agency pursuant to an R.C. 119.12 appeal, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative, and substantial evidence and is in accordance with the law. *Young v. Cuyahoga Work & Training Agency* (July 19, 2001), Cuyahoga App. No. 79123, at 2, 2001 WL 824466, citing *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 13} When reviewing the trial court's determination regarding whether the order is supported by such evidence, however, the appellate court determines only whether the trial court abused its discretion. *Young*, supra, citing *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. It is based upon this standard that we review the BMV's assignments of error.

## I

{¶ 14} In its first assignment of error, the BMV maintains that the trial court incorrectly determined that it had jurisdiction to hear appellee's appeal. We agree.

{¶ 15} R.C. 119.12 states: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided by this section."

{¶ 16} The BMV contends that appellee's facsimile filing of her notice of appeal, with the agency, instead of the original notice of appeal, is a jurisdictional defect mandating dismissal. In support of this argument, the BMV cites one decision from the Ohio Supreme Court and several appellate court decisions. The Ohio Supreme Court case, *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 702 N.E.2d 70, addressed whether an appellant's failure to file an R.C. 119.12 notice of appeal with the pertinent court of common pleas deprived the court of jurisdiction.

{¶ 17} The court concluded that "[t]he failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C. 119.12 deprives the common pleas court of jurisdiction over the appeal." Id. at syllabus. However, more important, for purposes of this appeal, the court made a distinction between the notice of appeal filed with the agency and the notice of appeal filed with the trial court. Specifically, the court recognized that the original notice of appeal is required to be filed with the agency and that a copy of the notice of appeal is required to be filed with the trial court.

{¶ 18} The court made this distinction twice in its opinion. First, the court found, from the language of the statute, that the 15–day filing requirement applies to both the notice of appeal and the copy of the notice filed with the court. Id., 84 Ohio St.3d at 102, 702 N.E.2d 70. The court also determined that applying the 15–day deadline to both the notice of appeal and the copy of the notice of appeal simplifies the filing requirements of R.C. 119.12 and promotes procedural efficiency. Id., 84 Ohio St.3d at 102–103, 702 N.E.2d 70. Thus, although the court did not specifically address the issue presently before this court, it did recognize the distinction between the original notice of appeal and a copy of the notice of appeal and where the original and copy must be filed.

{¶ 19} Prior to the *Nibert* decision, the Tenth District Court of Appeals, in *Harrison v. State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368, determined that strict compliance with R.C. 119.12 requires an original notice of appeal to be filed with the administrative agency and a copy of the notice of appeal be filed with the court. Id., 103 Ohio App.3d at 321–322, 659 N.E.2d 368. In *Harrison*, the appellant timely filed a notice of appeal with the trial court; however, appellant failed to file a notice of appeal with the board within 15 days. Id., 103 Ohio App.3d at 321, 659 N.E.2d 368. The board finally received a copy of the notice of appeal 21 days after the board mailed its decision. Id. The Tenth District Court of Appeals concluded that appellant failed to comply with R.C. 119.12 in that he failed to file an original notice of appeal within 15 days. Id.

{¶ 20} Finally, following the *Nibert* decision, the Tenth District Court of Appeals again addressed this issue in *Smith v. Ohio Dept. Commerce* (Aug. 21, 2001), Franklin App. No. 00AP–1342, 2001 WL 950160. In *Smith*, appellant filed a notice of appeal with the trial court and a copy of the notice of appeal by facsimile, followed by a hard copy. Id. at 1, 2001 WL 950160. The court held that "[h]ere, by its terms, R.C. 119.12 requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and a copy of the notice be filed with the court within the fifteen-day period. A facsimile, by its very nature is a copy." Id. at 7, 2001 WL 950160. Thus, the court concluded that appellant's notice of appeal was not timely filed.

{¶ 21} Based upon the above case law, we conclude that appellant's facsimile copy to the BMV does not meet the statutory requirement of an original copy. "[W]hen the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute." *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285.

{¶ 22} Accordingly, because appellee failed to strictly comply with R.C. 119.12, the trial court did not have jurisdiction to hear appellee's appeal. Although there is no dispute regarding either receipt or timeliness of the appeal, we are required to enforce the language of R.C. 119.12. This statute requires a notice of appeal to be filed with the agency, which implies the original notice of appeal, and a copy of the notice of appeal filed with the trial court.

{¶ 23} The BMV's first assignment of error is sustained. We will not address the merits of appellant's second, third, or fourth assignments of error, as they are moot based upon our disposition of the BMV's first assignment of error.

{¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed.

Judgment reversed.

FARMER, P.J., and BOGGINS, J., concur.