OHIO DEPARTMENT OF ALCOHOL & DRUG
ADDICTION SERVICES, Appellant,

v.

MORRIS, Appellee.

[Cite as *Ohio Dept. of Alcohol & Drug Addiction Servs.
v. Morris*, 161 Ohio App.3d 602, 2005-Ohio-3053.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 2004CA0067.

Decided June 16, 2005.

Michael Wise, Assistant Attorney General, for appellant.

William Travis McIntyre, for appellee.

HOFFMAN, Judge.

{¶ 1} Appellant, the Ohio Department of Alcohol and Drug Addiction Services ("ODADAS"), appeals the July 26, 2004 judgment entry of the Richland County Court of Common Pleas reversing a prior administrative decision suspending appellee, Joyce Morris, and requiring the agency to conduct a new hearing in favor of Morris.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Between March 3, 2003, and June 10, 2003, ODADAS employed Joyce Morris as a CCDC III–E counselor in the drug and alcohol division of Family Life Counseling of Mansfield, Ohio. As part of her responsibilities, Morris worked with adolescents with drug and alcohol problems.

{¶ 3} ODADAS conducted a formal hearing alleging that Morris had failed to meet the standards for continued licensure with the department. On April 7, 2004, ODADAS found that Morris had violated two CCDC rules of ethics, including fraudulently amending and knowingly making incorrect entries or failing to make timely essential entries into the client record and signing or issuing, in the CCDC's professional capacity, a document or statement that the CCDC knows to contain a false or misleading statement. ODADAS determined that Morris had committed these ethical violations by writing case notes for some counseling sessions that had never occurred, by purposefully changing the date that counseling sessions had occurred, in order to ensure that Medicaid would

pay for the session, and by making false or incorrect entries into clients' records. As a result, ODADAS suspended Morris's license.

{¶ 4} Morris appealed the administrative decision to the Richland County Court of Common Pleas. ODADAS moved the trial court to dismiss the appeal due to Morris's failure to perfect her appeal by filing a copy (i.e., not the original) of the notice of appeal with the agency. The original notice of appeal was filed with the trial court.

{¶ 5} By judgment entry, on July 26, 2004, the trial court determined that the administrative decision was based upon hearsay and that appellant had not been afforded the opportunity to cross-examine the witnesses accusing her. The trial court concluded that Morris's suspension resulted from "unreliable evidence and the hearing officer was in no position to judge the credibility of the reporter or the witnesses." Accordingly, the trial court ordered ODADAS to conduct a new hearing before the administrative agency and to give Morris the opportunity to confront and cross-examine the actual witnesses accusing her of failure to perform as required. The trial court reversed the administrative decision to suspend Morris's license.

{¶ 6} Appellant ODADAS now appeals the July 26, 2004 judgment entry of the Richland County Court of Common Pleas, assigning the following as error:

{¶ 7} "I. The lower court incorrectly determined it had jurisdiction to hear Ms. Morris' appeal when she failed to strictly comport with R.C. 119.12's requirements as the Ohio Supreme Court and Fifth District precedent require."

{¶ 8} "II. The lower court abused its discretion in determining that ODADAS' order was not supported by reliable evidence."

I

{¶ 9} ODADAS maintains that Morris failed to follow the statutory guidelines set forth in R.C. 119.12 in perfecting her appeal by filing the original notice of appeal with the trial court and a copy with the agency. As a result, ODADAS concludes that Morris's failure deprives the trial court of jurisdiction to hear the administrative appeal.

{¶ 10} R.C. 119.12 states:

{¶ 11} "Any party desiring to appeal [any order of an agency suspending a license] shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as

provided in this section. For purposes of this paragraph, an order includes a determination appealed pursuant to division (C) of section 119.092 of the Revised Code."

{¶ 12} ODADAS maintains that the statute requires strict compliance with the conditions of the statute before an appeal is perfected. ODADAS argues that strict compliance with the statute requires that the *original* notice of appeal be filed with the administrative agency and a *copy* of the notice be filed with the appropriate common pleas court within 15 days after the mailing of the agency's order. ODADAS relies upon this court's prior opinion in *Campbell v. Ohio Bur. of Motor Vehicles,* 156 Ohio App.3d 615, 2004-Ohio-1575, 808 N.E.2d 412. In *Campbell,* this court determined that filing a copy of the notice of appeal with the state agency does not meet the requirements set forth in R.C. 119.12 relative to filing the original with the agency. *Campbell* held that, in such cases, the trial court does not have jurisdiction to hear the appeal.

{¶ 13} Upon reconsideration of this court's decision in *Campbell,* we now find the opinion to be in error—it gives precedence to form over substance. It has been held many times in Ohio that all pleadings must be liberally construed to do substantial justice. The current Civil Rules were designed to permit a more simplified approach to pleading and evolved as a response to the earlier rules, which emphasized highly technical form over substance. We recognize that our decision conflicts with the opinions of the Eighth and Tenth District Courts of Appeals.

{¶ 14} Appellant's first assignment of error is overruled.

## II

{¶ 15} In the second assignment of error, ODADAS argues that the trial court abused its discretion in determining that ODADAS's order was not supported by reliable evidence.

{¶ 16} The Ohio Civil Rules are not applicable in administrative proceedings. Civ. R. 1(A). Therefore, the agency was not bound by the rules of evidence and could consider the alleged hearsay reports and testimony without affording Morris the opportunity for cross-examination.

{¶ 17} We note, however, that had the administrative decision been based solely on hearsay evidence, we would not find that the trial court had abused its discretion in reversing ODADAS's decision. But the administrative determination was also based upon Morris's own testimony and admissions regarding violations. Morris testified at the hearing that she had admitted to her supervisors that she knowingly failed to keep accurate client records, and since Medicaid pays for only one counseling session per day per client, she knowingly changed

the date of some records to ensure that Medicaid would pay. She further admitted to falsifying two of her case notes. Upon review of the evidence, we hold that the trial court abused its discretion in reversing the administrative decision and ordering ODADAS to conduct a new hearing. The second assignment of error is sustained.

{¶ 18} Accordingly, the July 26, 2004 judgment entry of the Richland County Court of Common Pleas is reversed, and the administrative decision is reinstated.

Judgment reversed.

BOGGINS, P.J., and GWIN, J., concur.