OPINION
{¶ 1} Appellant Playmate School and Child Care Center appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which dismissed its administrative appeal for lack of jurisdiction. Appellee is the Ohio Department of Job and Family Services. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE COURT ERRED IN FINDING THAT REVISED CODE SECTION 119.12
REQUIRED FILING OF AN ORIGINAL NOTICE WITH THE APPELLEE TO TRIGGER JURISDICTION.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DISMISSING THE APPEAL BY DECIDING NO NOTICE HAD BEEN TIMELY FILED WITH THE APPELLEE."
 {¶ 4} The record indicates appellant operated a pre-school and day care center until appellee did not renew its license. Appellant requested a hearing on the matter, and on September 26, 2003, the hearing examiner submitted a report and recommendation finding appellant had violated certain provisions of R.C. 5104, and finding appellant's child-care license should be revoked. Appellee's director first adopted the report and recommendation on January 22, 2004, but filed an amended order on January 27, 2004.
 {¶ 5} Pursuant to R.C. 119.12, appellant had fifteen days from the date of mailing of the amended adjudication order to file its notice of appeal with appellee and the Licking County Court of Common Pleas.
 {¶ 6} The parties agree appellant served appellee with certain documents on or about February 2, 2004. Appellee concedes it received a cover letter stating a copy of the notice of appeal and a request for transcript were enclosed. Appellee admits receiving the request for transcript but asserts there was no notice of appeal enclosed with the letter.
 {¶ 7} The trial court overruled appellee's first motion to dismiss the appeal because there was insufficient evidence from which the court could determine whether appellant served appellee with a notice of appeal. However, the trial court sustained appellee's second motion to dismiss for lack of jurisdiction, because both parties agreed assuming arguendo that appellant had enclosed a notice of appeal, it was only a copy and not the original.
 I. {¶ 8} In its first assignment of error, appellant urges the trial court erred in finding R.C. 119.12 required the filing of the original notice with appellee.
 {¶ 9} It appears there is a split of opinion amongst Ohio's District Courts of Appeals, and also in this court's decisions. However, we find our decision in Ohio Department of Alcohol and Drug Addiction Servicesv. Morris, 61 Ohio App.3d 602, 2005-Ohio-3053, 831 N.E. 2d 499 is the better approach. In ODADAS, this court found pleadings must be liberally construed in order to do substantial justice, and cases should be decided on their merits. We found R.C. 119.12 permitted an appellant to serve a copy of the notice of appeal on the agency. Upon review, we adhere to our opinion in ODADAS. The trial court erred in basing its decision upon appellant's cover letter, which stated a "copy of the notice of appeal" was enclosed.
 {¶ 10} We hold the statute does not require the original notice of appeal be served on the appellee. The first assignment of error is sustained.
 II. {¶ 11} In its second assignment of error, appellant urges the trial court was incorrect in finding appellee received no notice of appeal. Our review of the trial court's judgment indicates the trial court did not make any such finding.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.