[Cite as *United Auto Workers of Am. v. State Emp. Relations Bd.*, 2013-Ohio-4204.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fraternal Order of Police, Ohio Labor Council, Inc., | : | |
| | : | |
| Appellant-Appellee, | | No. 12AP-660 |
| | : | (C.P.C. No. 12CVF-01-112) |
| (International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, | : | (REGULAR CALENDAR) |
| | : | |
| Intervenor-Appellant), | : | |
| v. | : | |
| State Employment Relations Board, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on September 26, 2013

*Kay E. Cremeans*, and *Paul L. Cox*, for appellee Fraternal Order of Police, Ohio Labor Council, Inc.

*Harris Reny Torzewski LPA*, and *Joan Torzewski*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Appellant, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), appeals the judgment of the Franklin County Court of Common Pleas reversing an order by the State Employment Relations Board ("SERB"), appellee.

{¶ 2}   In November 2006, UAW was certified by SERB as the exclusive representative of all full-time Clerk Typists, Clerk I, Clerk II, Dispatch/Clerk III, Maintenance Workers, Counselors, Process Servers, Deputy Sheriffs, Correction Officers and Building Security Officers ("the employees") employed by the Lucas County Sheriff's Office.

{¶ 3}   On September 26, 2011, the Fraternal Order of Police ("FOP") filed a petition for representation election with SERB seeking to represent the employees. In the petition, the FOP named the United Automobile, Aerospace and Agricultural Implement Workers of America Local 3056 ("Local 3056") as the incumbent labor organization. The FOP sent the petition via certified mail to Matt Leuttke, UAW Local 3056, 1700 Canton Street, Suite F, Toledo, Ohio 43604. The FOP apparently obtained the name and address of the incumbent labor organization from a document filed with SERB by the Lucas County Sheriff's Office. The certified mail receipt was signed for by Jesse Jaquez, who works for a bail bonds business on the first floor of the same building in which Local 3056 is located.

{¶ 4}   On October 4, 2011, the FOP filed an amended petition and mailed it via regular mail to Patrick Mangold, UAW Local 3056, 1700 Canton Street, Suite 5, Toledo, Ohio 43604.

{¶ 5}   On October 5, 2011, the UAW filed a notice of appearance with SERB and also filed a motion to dismiss the FOP's petition, arguing that the UAW was not served with the petition and was not named as the incumbent labor organization in the petition.

{¶ 6}   On October 6, 2011, the FOP filed an amended petition with SERB, naming the UAW as the incumbent labor organization, and the petition was served via certified mail upon UAW.

{¶ 7}   On November 17, 2011, the UAW submitted a letter to SERB detailing its position on the matter. The UAW indicated that it was the incumbent organization, neither Matt Leuttke nor Jesse Jaquez was an officer of Local 3056, and it did not receive service until after the October 6, 2011 amended petition was filed, which was after the period permissible for filing such a petition.

{¶ 8}   On December 15, 2011, SERB dismissed the FOP's petition, finding that service was not complete pursuant to Ohio Adm.Code 4117-1-02(B) for the original filing,

and the October 4, 2011 amended petition was filed one day beyond the time permitted by R.C. 4117.07(C)(6).

{¶ 9} The FOP appealed SERB's decision to the Franklin County Court of Common Pleas. On July 9, 2012, the court issued a final judgment, remanding the matter to SERB for a full development of the factual record and redetermination of the legal questions. The trial court indicated that the record did not reveal whether UAW had provided updated names and addresses for purposes of service of process, whether the FOP substantially complied with the service requirements based upon any incorrect or outdated addresses on file with SERB, whether SERB computed the filing deadline based upon Ohio Adm.Code 4117-1-03, and whether the date of filing for the amended petition should relate back to the original attempt at service. The UAW has appealed the court's judgment, asserting the following assignment of error:

> The common pleas court erred when it substituted its judgment for that of SERB and relied on argument and evidence not presented to SERB or the court.

{¶ 10} The UAW argues in its sole assignment of error that the common pleas court erred when it substituted its judgment for that of SERB and relied on arguments and evidence not presented to SERB or the court. In an R.C. 119.12 appeal, the trial court reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 11} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *See Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707 (1992), citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988). In reviewing the trial court's determination that the board's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the trial court abused its discretion. *Id.* at 261. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore*

*v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, with respect to whether the board's order was in accordance with law, this court exercises plenary review. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 12} In the present case, the trial court remanded the matter to SERB for several determinations. The trial court first found that the case should not have been dismissed if the FOP acted reasonably in serving UAW at the 1700 Canton Street address due to the UAW's failure to file an annual report with SERB, pursuant to R.C. 4117.19(B)(2), which required the UAW to include in the annual report the name and address of its local agent for service of process. The court ordered SERB to determine whether the FOP's service of the paperwork was made in substantial compliance with procedural requirements and reasonably calculated to give notice to UAW, given some of the materials on file with SERB might have been out of date or incomplete.

{¶ 13} The trial court also found the record was unclear whether SERB used the time computation procedures in Ohio Adm.Code 4117-1-03 in finding that the FOP's eventual proper service was, in fact, one day late, as SERB concluded. The court further ordered SERB to reconsider whether the allegedly one-day late service relates back to the original attempt at service, given the FOP apparently used information from the UAW's filings with SERB that were inaccurate and outdated.

{¶ 14} Ohio Adm.Code 4117-1-02(B) provides, in pertinent part:

> [A]ll documents not served electronically shall include proof of service to the other parties to the proceeding or their representatives. Proof of service shall be signed and shall include the address to which the document is delivered, the manner of delivery, and the date of mailing or, if service is not by mail, the date of actual delivery or an acknowledgment of receipt signed by the recipient. Service may be made by mail or by personal service including hand delivery or by leaving a copy at the principal office or personal residence of the party or representative required to be served. Service by mail shall be deemed complete upon mailing. Such documents shall not be accepted for filing unless they contain proof of service signed by the party or the party's representative.

{¶ 15} R.C. 4117.07(C)(6) provides, in pertinent part:

Petitions for elections may be filed with the board no sooner than one hundred twenty days or later than ninety days before the expiration date of any collective bargaining agreement, or after the expiration date, until the public employer and exclusive representative enter into a new written agreement.

{¶ 16} R.C. 4117.19 provides, in pertinent part:

(B) Every employee organization shall file with the board an annual report. The report shall be in a form prescribed by the board and shall contain the following information:

(1) The names and addresses of the organization, any parent organization or organizations with which it is affiliated, and all organizationwide officers;

(2) The name and address of its local agent for service of process.

{¶ 17} In the present case, SERB dismissed both the September 26, 2011 petition for representation election and the October 4, 2011 amended petition. With regard to the September 26, 2011 petition, SERB dismissed it because service was not complete pursuant to Ohio Adm.Code 4117-1-02(B). SERB found that the FOP failed to serve the petition on UAW's appropriate representative. SERB noted that the proof of service provided by the FOP indicated that the certified mail receipt was signed by Jesse Jaquez, who was not an employee of the UAW but an employee of a bail bonds business on a different floor in the same building as Local 3056, and the UAW has never authorized Jaquez or any other employee of the bail bonds business to accept any mail.

{¶ 18} With regard to the October 4, 2011 amended petition, SERB dismissed it because it was filed outside the 120-day to 90-day window period provided in R.C. 4117.07(C)(6). SERB found that the current collective bargaining agreement expired on December 31, 2011; thus, October 3, 2011 would have been the last day the FOP could have filed the amended petition for representation election. Having filed the amended petition on October 4, 2011, SERB found, the FOP filed the amended petition untimely.

{¶ 19} The issues before this court are issues of law. Therefore, our review of the trial court's order is plenary. After a review of the record and the determinations by SERB

and the trial court, we find the trial court erred when it vacated the SERB decision and remanded the case. With respect to the September 26, 2011 petition, the trial court concluded that the case should not have been dismissed if the UAW failed to file an annual report with SERB, pursuant to R.C. 4117.19(B)(2), and the FOP acted reasonably in serving UAW at the 1700 Canton Street address. The court ordered SERB to determine whether the FOP's service of the paperwork was made in substantial compliance with procedural requirements and reasonably calculated to give notice to UAW, given some of the materials on file with SERB might have been out of date or incomplete.

{¶ 20} However, there is no statutory or administrative authority to support the trial court's determinations, and they are contrary to law. None of the Ohio Revised Code or Ohio Administrative Code sections cited by the trial court contemplate that service is proper if the party acts reasonably in attempting to effectuate service, if the party's actions were in substantial compliance with the procedural requirements, or if the party's attempted service was reasonably calculated to give notice. Also, none of the various sections mention that the failure to file a recent annual report with SERB or the filing with SERB of any incomplete or out-of-date documents excuses a party's service upon another party. Ohio Adm.Code 4117-1-02(B) requires documents to be served upon parties to the proceedings or their representatives, which the FOP failed to do here in a timely manner. As with any party in any legal proceeding, it is that party's responsibility to effectuate and prove proper service. *See Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist.1997) (the plaintiff bears the burden of obtaining proper service on a defendant). Therefore, under a faithful reading of the relevant statutory and administrative language, SERB's dismissal of the FOP's petition was proper.

{¶ 21} Notwithstanding, there is some case law authority to support the notion that substantial compliance with administrative regulations is all that is required, and form should not be raised over substance. *See Millington v. Morrow Cty. Bd. of Commrs.*, 5th Dist. No. 2009-CA-0007, 2009-Ohio-4315, ¶ 30-31. However, the application of substantial compliance is not without limitations. The court in *Millington* cited *Adams v. Crawford Cty. Bd. of Commrs.*, 3d Dist. No. 3-07-19, 2007-Ohio-6966, and we believe it is helpful to our analysis in the present case. In *Adams*, an employee, Adams, was removed from her position for testing positive for drugs. The sheriff's office attempted to

serve Adams with the county board of commissioners' removal notice at various times, but was unable to serve Adams prior to the effective date of her removal, which Ohio Adm.Code 124-03-01(A) requires. The sheriff's office served the notice three days after the effective date of removal. The State Personnel Board of Review ("SPBR") rejected the commissioners' substantial compliance argument and disaffirmed the order of removal. On appeal, the common pleas court affirmed the SPBR's decision. Upon further appeal, the court of appeals indicated that, in the right case, substantial compliance might apply to service under Ohio Adm.Code 124-03-01(A), particularly where an employee obstructs proper service of the notice or has suffered no prejudice by an untimely service because actual timely notice of the termination can be demonstrated in the record via other means. However, the court stated that "given the record in the present case, we are unable to determine that either circumstance exists here. Despite numerous allegations of substantial compliance in the brief, the record is devoid of almost any actual evidence in support of those allegations." *Id.* at ¶ 22. The court found the record was insufficient to show that Adams herself was responsible for the failure of timely service or that Adams had actual notice of the termination via other means. The court concluded that the record before it was limited so it could not determine whether substantial compliance had occurred; thus, the trial court did not abuse its discretion when it affirmed the SPBR.

{¶ 22} In the present case, the record is insufficient to demonstrate that UAW was responsible for the failure of timely service. Although the FOP argues that UAW was responsible for the failure of service because of deficiencies in its SERB filings, the trial court admitted that the record before it was unclear as to whether UAW filed an annual report, whether the material on file about the UAW at SERB was out of date or incomplete, and whether the FOP could have obtained more accurate names and addresses from the SERB file. In finding so, the trial court concedes that the factual record before it was without evidence to support the FOP's arguments on appeal. Any fault for the lack of a factual record falls upon the FOP. It was the duty of the FOP to develop the factual record at the administrative level to support any arguments it wished to raise upon appeal. The FOP had ample opportunity to develop the record before SERB but failed to do so. However, the record from SERB was clear that UAW contended it had no actual notice of the petition via other means until after the expiration of the window period, and

such has never been refuted. Therefore, under such circumstances, the trial court should have affirmed SERB's dismissal of the FOP's petition.

{¶ 23} Also, with regard to the trial court's order that SERB determine whether the FOP's service of the paperwork was reasonably calculated to give notice to UAW, service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 (1980). There are inherently greater risks involved with attempting service at a business address "by virtue of the oftentimes numerous intermediate, and frequently uninterested, parties participating in the chain of delivery." *Id.* However, even if the service was reasonably calculated to give notice to UAW, this may be rebutted if nonservice is shown. *See Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, ¶ 10 (8th Dist.). Thus, even if it could be said that the address and party to which the FOP mailed the original petition was the correct address and the correct party, UAW asserted that it never received notice of the petition until after the expiration of the window period, which was supported by the certified mail receipt submitted by the FOP showing that an employee of an unrelated business located on a different floor than UAW signed the certified mail receipt. There is no evidence as to what happened to the petition after the unrelated employee signed for it, and there is no evidence in the record that UAW ever received it timely. Therefore, for this reason too, the trial court should have affirmed SERB's dismissal of the FOP's petition.

{¶ 24} The court further ordered SERB to reconsider whether the allegedly one-day late service relates back to the original attempt at service, given the FOP apparently used information from the UAW's filings with SERB that was inaccurate and outdated. The trial court fails to cite any authority for its basis that a petition for representation election served untimely may relate back to a previous and timely petition that was never served upon the correct party. Ohio Adm.Code 4117-1-02(B) does not mention a relation-back exception to service, and R.C. 4117.07(C)(6) plainly requires petitions for elections to be filed no later than 90 days before the expiration date of any collective bargaining agreement.

{¶ 25} The relation-back principle derives from Civ.R. 15(C), which provides, in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶ 26} However, by their own terms, the Ohio Civil Rules apply only to " 'all courts of this state in the exercise of civil jurisdiction at law or in equity.' " *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, ¶ 14, quoting Civ.R. 1(A). Therefore, the proceedings in this case, being administrative in nature, do not as a general matter fall within the ambit of the civil rules. *See Ohio Dept. of Alcohol & Drug Addiction Servs. v. Morris*, 161 Ohio App.3d 602, 2005-Ohio-3053, ¶ 16 (5th Dist.) (the Ohio Civil Rules are not applicable in administrative proceedings, and administrative agencies are not bound thereby); *State ex rel. Galbraith v. Indus. Comm.*, 10th Dist. No. 02AP-1214, 2003-Ohio-7025, ¶ 9 (in general, the civil rules apply to the courts of the state and, absent statutory authority, administrative agencies are not bound by strict adherence to civil rules), citing *Vaughn v. State Med. Bd.*, 10th Dist. No. 90AP-1160 (Aug. 6, 1991) (observing that Ohio Rules of Civil Procedure are not binding in adjudicatory proceedings before administrative agencies). Therefore, SERB was not bound by the relation-back doctrine in Civ.R. 15(C) and was not required to consider the application of the rule.

{¶ 27} In addition, even if the relation-back doctrine could be somehow adapted to and utilized in the present circumstances, and even if it were assumed that the amended petition was directed to the proper party and address, as the FOP contends, the doctrine would be inapplicable because the requirements for an amended pleading to relate back to a prior pleading were not satisfied. The FOP maintains that the only difference between the original petition and the amended petition was the name of the UAW individual being served and the method of service. Although the present case satisfies the Civ.R. 15(C)

requirement that the claims in the petition relate to the same subject matter, the other requirements of the rule were not met. UAW did not have notice of the petition prior to the expiration of the period. UAW maintained that it had no notice of the petition until after October 3, 2011. Also, UAW had no reason to know that it was the proper party to the lawsuit prior to the expiration of the period. Therefore, the relation-back doctrine has no applicability.

{¶ 28} The trial court also found the record was unclear whether SERB used the time computation procedures in Ohio Adm.Code 4117-1-03 in finding that the FOP's eventual proper service was, in fact, one day late, as SERB concluded. Ohio Adm.Code 4117-1-03(A) provides:

> In computing any time period prescribed by or allowed by Chapter 4117. of the Revised Code and Chapters 4117-1 to 4117-25 of the Administrative Code, or by order or directive of the board or individual conducting a proceeding, such period shall begin to run on the day following the day of the act, event, or occurrence. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, legal holiday, or a day or part of a day on which the board office in Columbus is closed, in which event the period shall run until the end of the next day which is not a Saturday, Sunday, legal holiday, or a day or part of a day on which the board office in Columbus is closed.

{¶ 29} SERB explained how it calculated the 90-day period provided in R.C. 4117.07(C)(6). SERB noted that the current collective bargaining agreement expired on December 31, 2011; thus, October 3, 2011 would have been the last day the FOP could have filed the amended petition for representation election. October 3, 2011 was not a Saturday, Sunday, or legal holiday, and there is no evidence in the record that the Columbus board office was closed or partially closed that day. The FOP also concedes in its trial court brief that the October 4, 2011 amended petition would be untimely if the relation-back principle does not apply. As we have found SERB was not bound by the relation-back principle, the amended complaint would be untimely based upon the time computation procedures in Ohio Adm.Code 4117-1-03. Additionally, even if the relation-back doctrine did apply, the requirements for relation back were not met.  Therefore, we

find SERB's order, in this respect, was in accordance with the law. For all of the foregoing reasons, UAW's assignment of error is sustained.

{¶ 30} Accordingly, UAW's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

TYACK and CONNOR, JJ., concur.

_____